### WHITLEY et al. v. WINSOR & JERAULD MFG. CO.

(Circuit Court, D. Rhode Island. September 13, 1902.)

#### No. 2,598.

1. PATENTS—INFRINGEMENT—CLOTH-STRETCHING MACHINES.
   The Whitley patent, No. 503,301, for improvement in chain clips for cloth-stretching machines, claims 1, 2, and 3, construed, and *held* not infringed.

In Equity. Suit for infringement of letters patent No. 503,301 for a chain clip for cloth-stretching machines, issued to Alfred A. Whitley August 15, 1893. On final hearing.

Wilmarth H. Thurston and William R. Tillinghast, for complainants.

Richardson, Herrick & Neave, for defendant.

BROWN, District Judge. This suit is for infringement of letters patent No. 503,301, granted August 15, 1893, to Alfred A. Whitley,

for improvements in chain clips for cloth-stretching machines. The first, second, and third claims are involved. The defense is noninfringement. Each claim specifies as a feature of the combination a lever, which, so long as it rests upon the fabric, supports or maintains out of action a movable jaw. Each claim specifies as a feature of the combination that the movable jaw shall bear on the lever to "counterbalance" the weight of the lever, or the weight of the free end of the lever on the fabric. In the defendant's clip, the movable jaw bears upon the lever, but in such manner as to increase the pressure of the free end of the lever upon the fabric; and the full weight of the lever, or of the free end of the lever, considering the lever as an independent part bearing by force of its own weight upon the fabric, exerts its pressure upon the fabric. The pressure of the defendant's lever, when it is considered as an independent part resting with its own weight upon the fabric, is not "counterbalanced," or supported, or diminished by the bearing of the movable jaw upon the lever. In the complainants' clip, as shown in the patent and illustrated by the models, the weight, or a portion of the weight, of the lever itself, is lifted from the fabric, so that the direct pressure of the lever part upon the fabric is less than the weight of the lever part. This is accomplished by placing the bearing point of the movable jaw upon that side of the pivot of the lever which is opposite to the free end of the lever. The weight of the movable jaw thus tends to rotate the lever upon the pivot, and to raise the free end, or that end which rests upon the fabric, thus relieving the fabric of weight. If it is true, as the defendant contends, that the claims have specified as an essential feature such a bearing of the movable jaw upon the lever as diminishes or tends to diminish the specific weight of the lever, or the pressure of the weight of the free end of the lever upon the fabric, then there is clearly no infringement. If the claims specify as an essential feature a "counterbalancing" of the weight of the free end of the lever part, there is no infringement. The defendant does not employ such a counterbalance, or any equivalent therefor. The complainant contends that it is not an essential feature of the patent that the specific weight of the lever part itself should be counterbalanced or diminished by use of the weight of the movable jaw. It is shown that in the prior art, as represented by the Smith clip, described in the patent to Smith, No. 404,314, May 28, 1889, a controller was attached to the movable jaw, so that the weight of both jaw and controller bore with excessive pressure upon the fabric; that the thing to be remedied was the excessive pressure on the fabric due to the weight of the jaw; that Whitley accomplished this by separating the controller from the movable jaw, substituting an independently pivoted controller or lever for the attached controller, and so disposing his lever and movable jaw that the lever supported the jaw at a point near its pivot, whereby the fabric was relieved in part from the weight of the jaw. It is urged that the keynote of Whitley's invention was the interposition of leverage, and such a support of the weight of the jaw by the independent pivot of the controller or lever as permits the controller to rest with light pressure upon the fabric; that what he did was to prevent the weight of the movable

jaw from producing undue pressure on the fabric. If the patent were to be construed as for the combination of a slotted stationary jaw, a movable jaw, a lever to rest upon the edge of the fabric above the slot in the stationary jaw, and support the movable jaw to hold it out of action as long as the lever rests on the fabric, the parts so arranged that the said movable jaw bears on said lever near its pivot so that the fabric is relieved of or prevented from receiving undue pressure or strain from the weight of the jaw, the defendant's device would, in my opinion, infringe. The defendant's movable jaw bears upon the lever in such manner that its weight is not wholly transmitted to the free end of the lever, and the fabric is thus, to some extent, relieved of pressure. The question, however, is whether the lever has such a bearing as is specified in the claims, or substantially such a bearing.

It is apparent from the patent and from the models that in relieving the cloth of pressure the complainant Whitley did two things: He supported a portion of the weight of the jaw upon the independent pivot of the lever. The weight put upon this pivot is not transmitted to the lever, and thus cannot be considered a part of the weight or of the burden of the lever end. He also did a second thing, —he adopted such a bearing of his jaw on the lever as enabled him to use a portion of the weight of his jaw to offset the weight of the lever on the cloth. Such portion of the weight of the jaw as is not sustained by the pivot is described as tending to lift the lever, and thus to diminish the weight of the lever upon the cloth. This second thing is entirely absent from the defendant's clip. The defendant contends that the second thing is the important and controlling characteristic of the Whitley patent; a feature inserted by amendment to avoid a rejection; and that it is distinctly specified in the claims by the words, "the said movable jaw bearing on said lever to counterbalance the weight of the lever on the fabric." The complainants contend that those words mean "to lessen the pressure of the lever on the fabric." Does the patent permit such an interpretation of language? It is quite true that the word "counterbalance" is not used by the patentee to signify opposing one weight by an equal weight. But it seems apparent that the patentee used the word to signify the opposition of the weight of one part to weight of another part. Thus he says in the specification:

"The pressure of the arm, G, on the bail, h², of the lever, H, counterbalances the weight of the free end, h, of the said lever. * * * For stretching heavy fabrics the counterbalancing of the lever, H, is not essential, the fabric being sufficiently strong to support the weight of the lever."

Also, in describing Figs. 5, 6, and 7, he says:

"The weight of the jaw serving to counterbalance the lever, H, as in the arrangement illustrated by Figs. 1, 2, 3, and 4."

In a claim which was rejected by the patent office the patentee specifies "a pivoted lever, or equivalent device, to counterbalance or partially counterbalance the weight of the jaw"; and, had this claim been allowed, it would have been fair to interpret the word "counterbalance" to mean "support," since the pivoted lever does not oppose its weight to the weight of the jaw. But upon rejection of his claims

the patentee amends by specifying that the lever supports the movable jaw, and that the movable jaw counterbalances the weight of the lever. That before amending he had in mind the distinction between supporting the jaw by a lever, and the use of the weight of the jaw to oppose the weight of the lever part, thus counterbalancing it, is very clear from the following communication to the patent office:

"It will be found that the claims now presented set forth an important feature not found in the references; that is, the counterbalancing of the weight of the lever. It is desirable to take as much weight as possible off the part of the clip which drops through the slot when the fabric passes it, and to put as much weight as possible onto the part of the grip which bears on the fabric after it leaves the part which drops through the slot, so as to firmly hold the fabric. These parts I shall call parts one and two, respectively. Looking at Smith's clip, it will be seen that he uses an arrangement in which a counterweight is used, which takes weight off both parts one and two,—a distinct disadvantage as regards part two. I have an arrangement in which the parts one and two are so arranged separately that the weight which is used to take off weight from part one is utilized to put weight onto part two to give it extra grip, instead of taking off, as in Smith's."

If we adopt the defendant's construction, then the claims specify and cover this particular feature which was urged upon the patent office, and to which a very considerable portion of the specification and drawings is devoted. If we adopt the complainants' construction, we encounter numerous difficulties. If the language means broadly to lessen the pressure on the fabric, this makes the opposition of weight to weight, and the lifting of the free end of the lever, immaterial; and we must ignore the reasons urged upon the patent office for allowing the amended claim. The question whether the patentee is entitled to a broad patent for all arrangements of lever and jaw which result in relieving the cloth from pressure is one that was not passed upon by the patent office. Nowhere in the specification does the patentee himself point out that the substantial feature of his invention is the use of the pivot to sustain the weight of the arm; and, while this is apparently a feature of the special structure shown, it is exceedingly doubtful whether it is sufficiently described or claimed to meet the requirements of the patent law. But the language proposed by the complainants does not remove the difficulties in the case. Suppose we have, instead of the language of the claim, the substituted language, "said movable jaw bearing on the said lever to lessen the pressure of the lever on the fabric," what new feature is brought out by naming the pressure of the lever instead of the weight of the lever? Complainants' brief says that:

"The pressure on the fabric due to the weight of the jaw is transmitted to the fabric through the lever, because it is the lever which bears on the fabric. It is proper, therefore, to speak of lessening the pressure of the lever on the fabric, even when such pressure is due to the movable jaw, and this is what the claim means."

It is necessary, then, to the complainants' argument, and to make it appear that pressure of the lever means anything different from the weight of the lever part, to assume that the lever referred to by the patentee receives the burden of the jaw in such a way as to transmit it to the fabric. The patentee is describing a mechanical combination,

and not only enumerates the parts used, but tells how they are put together. If he means by the weight of the lever its own specific weight plus a weight imposed upon it by the movable jaw, he must also necessarily mean that the jaw bears on the arm so as to transmit weight to the free end. Upon such a construction, we must find that the patentee means to indicate two bearings,—one which puts pressure on the free end of the lever, and one which takes it off. It would then be necessary to amend the complainants' language to read: "Said movable jaw bearing on the lever so as to add weight to the weight of the lever, and to lessen the combined weight of lever and jaw upon the cloth." Such a reading is obviously out of the question. It is certain that the patentee does not intend to describe an adjustment which transmits the weight of the movable jaw to the lever end. He means, then, by the "weight of the lever," exactly what those words imply,—the weight of the lever part, or the pressure of the specific weight of the lever part, upon the cloth. The communication to the patent office shows this clearly. The only bearing of the movable jaw which will counterbalance or lessen that weight is the one that he indicates in his patent, and which the defendant does not have. We cannot consider the claims to be descriptive of parts, and of the manner of combining those parts, if we adopt the complainants' contention that the weight of the lever includes also the weight of the arm. A bearing on the pivot so that the pivot prevents the weight of the arm from being transmitted to the lever end does not affect the weight of the lever, and does not lessen it.

Upon a reading of the patent, the claims themselves, and the communication to the patent office, it is clear beyond question that the patentee recognized the difference between supporting the jaw and using the weight of the jaw to counterbalance the tendency of the free end of the lever to depress the cloth. The language used in the claims expresses this clearly. The complainants' construction requires us to substitute for the word "counterbalance" the word "lessen," and for the words "weight of the lever" the words "pressure of the lever." It requires us also to assume that the lever referred to by the patentee is one that bears the burden of the movable jaw; that the weight of the lever part itself is immaterial, and that it is the weight of the movable jaw that the patentee has in mind; that the claim shall then read, in substance, "the movable jaw bearing on the lever to lessen the weight of the movable jaw on the cloth"; and that this signifies that substantially all the weight of the jaw shall bear upon the pivot of the lever. By adopting this construction, there would be effected a substitution of the weight of the jaw for the weight of the lever, a support of the weight of the jaw upon the pivot for a bearing of the jaw, which would tend to rotate the lever and lift its free end, and elimination of the entire feature of counterbalancing weight by weight. This is not an interpretation of language, but a complete substitution of new claims for those drawn by the patentee. I am of the opinion that the patentee has clearly claimed as an element in his combination such a bearing of his movable jaw upon the lever as tends to lift the free end of the lever, that he is estopped by his action in the patent office from now contending that such ele-

ment is nonessential, that this feature is entirely absent in the defendant's clamp, and that there is no infringement.

The bill will be dismissed.