WHITLEY et al. v. WINSOR & JERAULD MFG. CO.

(Circuit Court of Appeals, First Circuit. January 15, 1904.)

No. 462.

1. PATENTS—INFRINGEMENT—CLOTH-STRETCHING MACHINES.
    The Whitley patent, No. 503,301, for an improvement in chain clips for cloth-stretching machines, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

For opinion below, see 117 Fed. 851.

Wilmarth H. Thurston and William R. Tillinghast, for appellants.
William K. Richardson (Alexander D. Salinger, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

COLT, Circuit Judge. This appeal relates to the first three claims of the Whitley patent, No. 503,301, for improvements in chain clips for cloth-stretching machines. The Circuit Court dismissed the bill on the ground of noninfringement. This was the only issue presented and passed upon. 117 Fed. 851. The carefully considered opinion of Judge Brown deals with this question in its various aspects, and we agree with his reasoning and conclusion.

A clip or holder is a comparatively simple device, composed of three parts—a stationary slotted jaw, a movable jaw, and a controller. The controller may be attached to the movable jaw, or it may be a separate part in the form of a lever which supports the movable jaw. When the movable jaw is open, the controller, or the controller lever, rests on the fabric above the slot in the stationary jaw. When the fabric is withdrawn the end of the controller falls into the slot, thereby releasing the movable jaw, which falls and grips the fabric between the two jaws. In stretching light fabrics it is necessary that the controller should press lightly upon the fabric to prevent its being torn by pressing it down into the slot. It is also important that the movable jaw should be quick acting and fall upon the fabric with its full weight in order to hold it firmly. We have thus presented the problem of the arrangement of parts and the balancing of weights in such a way that the fabric shall be subjected to light pressure from the controller, and that at the same time the relatively heavy movable jaw shall be quick acting and reliable.

If we hang an iron lever upon a pivot near one of its ends, we shall have a lever with a long arm and a short arm in relation to its pivot, the long arm being much heavier than the short arm. If we then place a weight upon the short arm, it will tend to counterbalance or offset the weight of the long arm, and so have a tendency to raise it, or to make it press lightly upon an object underneath its end. This is the principle upon which the Whitley clip is constructed. On the other hand, if we pivot a lever at one end, and so discard the short

arm, and then place a weight upon the long free arm, there will be no counterbalancing effect, but the exact contrary. The weight will have a tendency to depress further the long arm, and so make its end bear more heavily upon an object underneath. Of course, if the weight is placed close to the pivot, it will not exert as much pressure as if placed further away, since it will be largely supported by the pivot. This is the principle upon which the defendant's clip is constructed.

Whitley conceived the idea of utilizing the weight of the movable jaw to counterbalance the weight of the long arm of the lever which pressed down upon the fabric, and this is the essence of his invention. In defendant's clip the weight of the jaw is not utilized for any such advantageous purpose. On the contrary, a portion of its transmitted weight serves to increase the pressure of the end of the lever on the fabric.

The two devices are different in structure, mode of operation, and in result. The essential structural element of the Whitley clip, which is the short arm of the lever, is absent from defendant's device. By the elimination of the counterbalance feature of Whitley, the defendant's clip does not possess the same mode of operation. In the Whitley arrangement the result is that only a fraction of the weight of the lever presses upon the fabric. In the defendant's arrangement the result is that the entire weight of the lever, together with some part of the weight of the movable jaw, presses upon the fabric.

Whitley was not the inventor of the automatic clip. He disclaims any such position in his patent. He states that his invention is for a clip which is adapted for stretching light fabrics as distinguished from heavy fabrics. It is apparent from the evidence that the Whitley clip is an improvement on the prior Smith clip. Smith attached the controller to the movable jaw, and employed an independent weight to counterbalance or offset the weight of both these parts. The objection to this arrangement was that, when the fabric was withdrawn from beneath the controller, the weight operated to hold back the quick action of the movable jaw; while if the weight was discarded, as was often the case in the practical use of this clip, the fabric was subjected to the pressure of the combined weight of the movable jaw and controller, which would not answer for light fabrics.

Desiring to construct a clip which was adapted to light fabrics, and at the same time was quick acting and reliable, Whitley in effect said:

In place of the Smith light controller attached to the movable jaw, I will suspend a separate and comparatively heavy lever controller upon a pivot, and rest the arm of the movable jaw upon the short arm of the lever. By this contrivance I will not only get rid of the pressure of the movable jaw upon the fabric when beneath the controller, but I will utilize the weight of the movable jaw to offset the weight of the lever, and so cause its long free arm to bear lightly on the fabric.

In this way Whitley overcame the objection to both forms of the Smith clip. His movable jaw was quick acting and reliable, since its action was not retarded by the counteracting weight of the Smith clip. His controller rested lightly on the fabric, since it was relieved of the weight of the movable jaw and almost the entire weight of the lever.

The attempted construction of the Whitley patent so as to cover the defendant's clip rests upon a misconception of the Whitley invention. Starting with this misconception, the whole superstructure of the argument consists in an effort to distort the plain meaning of language and terms. When the patentee says, in the first claim, "the said movable jaw bearing on the said lever to counterbalance the weight of the lever on the fabric," and, in the second claim, "a lever having a free end, h, adapted to rest on the edge of the fabric above the slot in the stationary jaw, and provided with a tail, $h^2$, with which the said arm, G, engages to counterbalance the weight of the free end, h," he means exactly what these words import. These expressions contain, and were intended to describe, the very essence of the invention.

To interpret "weight of the lever" as "pressure of the heavy movable jaw," and "to counterbalance the weight of the lever" as "to counteract the weight of the heavy movable jaw," is a violent perversion of language, which finds no warrant in any rule of construction. These and other attempts at substitution, which are found in complainants' brief, are misleading and confusing. And when this is followed with the assertion that the defendant, by placing the arm of the movable jaw near the pivot of his lever, has the counterbalancing feature of the Whitley patent, because the weight of the arm supported on the pivot counterbalances the weight of the movable jaw, we see the extraordinary conclusions to which we are led.

The Whitley patent is not, and makes no pretension to be, for a system of leverage interposed "between the movable jaw and the fabric so as to reduce the pressure on the fabric due to the weight of the jaw, and thus permit a heavy jaw to be employed." The patent says nothing about a system of leverage, or heavy movable jaws. Further, when Whitley inserted in his first application a broad claim for a pivoted lever to counterbalance, or partially to counterbalance, the weight of the movable jaw, it was properly rejected. Upon this rejection he amended the claim, and at the same time wrote a letter to the Patent Office defining the real scope and purpose of his invention, with the result that the patent was passed to issue.

It is not true, as is contended, that the only difference between the two clips is that Whitley rests the arm of his movable jaw on one side of a pivoted lever, and the defendant rests it on the other side, thereby producing substantially the same counterbalancing effect. On the contrary, as we have already pointed out, the two devices are organized on different principles.

This is not a question of the construction of a patent or of the application of the doctrine of equivalents. It is a question whether the court will reconstruct the Whitley patent in order to cover a device in which the essence of the invention covered by that patent has been eliminated.

The decree of the Circuit Court is affirmed, with costs.